UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREGORY LANGDON, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:05CV1241 HEA |
| | ) |
| CITY OF ST. ANN, a Municipal Corporation, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' Motion to Remand, [Doc. # 9]. Defendants oppose the motion. For the reasons set forth below, the Motion is granted.

## Facts and Background

Plaintiffs filed this action in the Circuit Court of St. Louis County, Missouri, against defendants on July 5, 2005. Count I of the Petition sought declaratory judgment seeking an Order that the April 2000 rezoning of certain property owned by plaintiffs was illegal and invalid. In Count II, plaintiffs Langdon and Vatterott sought damages under 42 U.S.C. § 1983 for the alleged deprivation of property rights due to the City of St. Ann's rezoning of certain property, as well as punitive damages and attorneys' fees under 42 U.S.C. § 1988, owned by plaintiffs.

On August 10, 2005, defendants removed the case because plaintiffs' complaint included federal § 1983 claims within the district court's original jurisdiction. *See* 28 U.S.C. § 1441(b). The Court acquired supplemental jurisdiction over plaintiffs' state law claims. *See* 28 U.S.C. § 1367(a); *Franklin v. Zain,* 152 F.3d 783, 786 (8th Cir.1998). Defendants filed a Motion to Dismiss Count II arguing that a cause of action under Section 1983 could not be brought on the allegations alleged in the complaint.

Plaintiffs did not respond to defendants' motion, rather, they filed a Motion for leave to file an amended complaint and to remand this matter on September 2, 2005. Leave was granted on September 6, 2005. Based on the allegations in the Amended Complaint, defendants's Motion to Dismiss Count II is moot.

The First Amended Complaint was filed on September 6, 2005. This complaint added a claim for inverse condemnation under the Missouri Constitution, Article I, Section 26. It does not contain a 1983 claim.

Plaintiffs seek to remand because there is no longer a federal claim. Defendants admit that there is no longer a federal claim, but argue that the Court should retain jurisdiction under the Court's supplemental jurisdiction.

Pursuant to 28 U.S.C. § 1367(c)(3), this Court has the discretion to either

remand state law claims or exercise its supplemental jurisdiction over them once the federal claims have been dismissed. *Ali v. Ramsdell* 2005 WL 2173529, *1 -2 (8th Cir. September 9, 2005); *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 599 (8th Cir. 2002); *Green v. Ameritrade, Inc.*, 279 F.3d 590, 595 (8th Cir. 2002). Because of the significant state issues which are raised in this action regarding zoning and Missouri constitutional claims, the Court will exercise its discretion in favor of remand. Accordingly, plaintiffs' motion to remand will be granted.

## **Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Remand, [Doc. # 9], is granted.

**IT IS FURTHER ORDERED** that this matter is remanded to the Circuit Court for St. Louis County, Missouri.

Dated this 12th day of September, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE